**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tanya Delgadillo Nareau,<br><br>      Plaintiff,<br><br>vs.<br><br>Maricopa County Estrella Jail, et al.,<br><br>      Defendants. | No. CIV 10-1791-PHX-DGC (DKD)<br><br>**ORDER** |

      Plaintiff, formerly an inmate at the Maricopa County Estrella Jail, filed a *pro se* Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on August 20, 2010 (Doc. 1). The Court issued a Notice of Assignment on that date, a copy of which was mailed to Plaintiff, in which she was warned that failure to file a Notice of Change of Address could result in the case being dismissed (Doc. 2). The Court issued an order for payment of the inmate filing fee on February 16, 2011, and ordered defendants to answer the First Amended Complaint (Doc. 10). On March 7, 2011, copies of the Court's February 16, 2011 Order and a service packet mailed to Plaintiff at her last known address were returned as unclaimed, with a notation that Plaintiff had been released (Doc. 11). Plaintiff has not filed a change of address.

      Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of

1  keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d
2  1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address
3  constitutes failure to prosecute.

4  Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the
5  plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move
6  for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the
7  Supreme Court recognized that a federal district court has the inherent power to dismiss a case
8  *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules
9  of Civil Procedure appears to require a motion from a party. Moreover, in appropriate
10 circumstances, the Court may dismiss a complaint for failure to prosecute even without notice
11 or hearing. *Id.* at 633.

12 In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the
13 Court must weigh the following five factors: "(1) the public's interest in expeditious resolution
14 of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
15 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
16 availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*,
17 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of
18 sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.
19 Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*,
20 910 F.2d 652, 656 (9th Cir. 1990).

21 Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure
22 to keep the Court informed of his address prevents the case from proceeding in the foreseeable
23 future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the
24 Court to consider whether a less drastic alternative is available. Without Plaintiff's current
25 address, however, certain alternatives are bound to be futile. Here, as in *Carey*, "[a]n order to
26 show cause why dismissal is not warranted or an order imposing sanctions would only find itself
27 taking a round trip tour through the United States mail." 856 F.2d at 1441.

28

- 2 -

1  The Court finds that only one less drastic sanction is realistically available. Rule 41(b) 2 provides that a dismissal for failure to prosecute operates as an adjudication upon the merits 3 "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court 4 finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this 5 action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules 6 of Civil Procedure.

7  **IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of 8 Civil Procedure this action is dismissed without prejudice and the Clerk of the Court shall enter 9 judgment accordingly.

10  DATED this 13th day of April, 2011.

David G. Campbell
United States District Judge